Patricia DONAHUE, Madeleine F. Pierucci, Petitioners,

v.

PUBLIC SCHOOL EMPLOYEES' RETIREMENT SYSTEM OF the COMMONWEALTH of Pennsylvania, Board of Trustees of the Public School Employees' Retirement System of the Commonwealth of Pennsylvania, State Employees' Retirement System of the Commonwealth of Pennsylvania, Board of Trustees of the State Employees' Retirement System of the Commonwealth of Pennsylvania, Honorable Barbara Hafer, Treasurer of

---

the Commonwealth of Pennsylvania and Chair of the Board of Trustees of the Public School Retirement System of Pennsylvania, Nicholas J. Maiale, Chair of the Board of Trustees of the State Employees' Retirement System, Respondents.

Commonwealth Court of Pennsylvania.

Argued Sept. 10, 2003.
Decided Oct. 21, 2003.

Michael S. Fettner and Cletus P. Lyman, Philadelphia, for petitioners.

Michael L. Harvey, Harrisburg, for respondents.

BEFORE: COLINS, President Judge, SMITH–RIBNER, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, LEADBETTER, Judge, COHN, Judge, and LEAVITT, Judge.

OPINION BY Judge LEADBETTER.

Patricia Donahue and Madeleine F. Pierucci, retired public school teachers, filed a petition for review in our original jurisdiction asserting a class action for a judgment declaring unconstitutional the 2001 amendments to the Public School Employees' Retirement Code, 24 Pa.C.S. §§ 8101–8535, and the State Employees' Retirement Code, 71 Pa.C.S. §§ 5101–5956. Donahue and Pierucci assert that the Act of May 17, 2001, P.L. 26 (Act 2001–9) discriminates against persons who retired before the Act's effective date of July 1, 2001, because it does not afford them the same increase in retirement benefits provided to those persons still employed and contributing to the respective retirement systems. Presently before the court are the preliminary objections of the respondents, the two retirement systems, their boards of trustees, Barbara Hafer as Commonwealth Treasurer and the Chair of the Board of Trustees for the Public School Employees' Retirement System (PSERS) and Nicholas J. Maiale, Chair of the Board of Trustees for the State Employees' Retirement System (SERS). Respondents assert a demurrer and challenge the standing of the two retired teachers to challenge the amendments to the State Employees' Retirement Code.

Donahue and Pierucci retired in 1999 after each of them had worked as public school teachers for more than thirty years. They began receiving annuity benefits according to the statutory provisions then in effect. In 2001, the legislature enacted Act 2001–9, amending both the Public School and State Employees' Retirement Codes to allow current employees to increase the amount of their contributions and receive an increased amount upon re-

tirement.[1] Upon election to the new class, the employees' prior service is credited under the new membership class. Members of either system who retired before the effective date of the Act are not eligible to elect a new class of membership.

In their complaint, Donahue and Pierucci, pointing to the statute's policy statement, contend that the legislature amended the retirement systems in order to share with members the unexpectedly good investment earnings that the systems had recently enjoyed.[2] They further assert that the amendments arbitrarily fail to include members who retired prior to July 1, 2001, in the scheme for achieving this purpose and, thereby, violate the due process provision of the Pennsylvania Constitution and the equal protection provi-

sions of both the State and federal Constitutions. Donahue and Pierucci request a declaration that Act 2001–9 is unconstitutional insofar as it fails to provide additional benefits for members that retired before July 1, 2001 and an order directing a 25% increase in their annuities with interest on the amount due retroactively. The State respondents filed preliminary objections, contending that the petition fails to state a claim under either the due process or equal protection provisions of the Pennsylvania and United States Constitutions.[3]

▪▪▪ Any lawfully enacted legislation enjoys a presumption of constitutionality which can be overcome only if the challenger establishes by a clear, palpable, and plain demonstration that the statute violates a constitutional provision. *James v.*

1. Act 2001–9 created a new membership class in the Public School Employees' Retirement System known as class T–D. New and active members of the System could elect class T–D membership prior to the date specified in the Act. Following such an election, the employee's contribution increased from 5% to 6.25% and the multiplier applied to the member's final average salary in order to calculate his retirement annuity increased from 2 to 2.5 resulting in a benefit increase of approximately 25%. Act 2001–9 similarly amended classes of service in the State Employees' Retirement System to permit an election that resulted in increased contributions and an increased benefit at retirement.

2. Section 1(2) of Act 2001–9 states:

Over the past two decades, both pension funds have experienced investment returns well in excess of expectations. As a result, State and school district contributions have decreased dramatically to less than 1% of payroll for next year. At the same time, employee contributions range from 5% to 6.25% of payroll. The outstanding investment performance has resulted in the pension funds being over 123% funded, compared to current needs. The 4% statutory interest rate the employees receive on their pension accounts has consistently been eclipsed by the actual average returns of the

funds over the last two decades and also has been less than available private market interest rates. The fact that employees have been and are projected to continue to contribute at a rate that is materially greater than the employers due to the more than 100% funded status of the plans raises the issue of the extent to which employees should be provided additional benefits. The increase in benefits for State and school district employees provided herein will in effect allow them for the first time to share in the outstanding investment performance of the funds. To date, that experience has only benefited the employers through reduced contributions to the funds. Even with the increases in benefits provided herein, both pension funds are projected to maintain minimal employer contribution rates and at the same time maintain a fully funded status. For at least the next decade, members are projected to continue to contribute at a rate substantially in excess of that required from employers.

3. Respondents also contend that complainants, who are members of the Public School Employees' Retirement System, lack standing to challenge amendments to the State Employees' Retirement System. While we note that this objection is well-founded, we need not address this issue in light of our decision on the demurrer.

*Southeastern Pennsylvania Transp. Auth.,* 505 Pa. 137, 142, 477 A.2d 1302, 1304 (1984) [citing *Milk Control Commn. v. Battista,* 413 Pa. 652, 659, 198 A.2d 840, 843 (1964) and *Singer v. Sheppard,* 464 Pa. 387, 393, 346 A.2d 897 (1975) ]. Where the challenge is on equal protection grounds, we must first determine the level of scrutiny which should be applied to the classification at issue. As has repeatedly been noted:

> [T]here are three different types of classifications calling for three different standards of judicial review. The first type—classifications implicating neither suspect classes nor fundamental rights—will be sustained if it meets a "rational basis" test. In the second type of cases, where a suspect classification has been made or a fundamental right has been burdened, another standard of review is applied: that of strict scrutiny. Finally, in the third type of cases, if "important," though not fundamental rights are affected by the classification, or if "sensitive" classifications have been made, the United States Supreme Court has employed what may be called an intermediate standard of review, or a heightened standard of review.

*James,* 505 Pa. at 145, 477 A.2d at 1305–06 (citations omitted). The three-tiered standard for reviewing equal protection claims is the same under both State and federal Constitutions. *Id.* at 144, 477 A.2d at 1305.

■ *Harper v. State Employees' Retirement System,* 538 Pa. 520, 649 A.2d 643 (1994) and *Rybak v. State Employees' Retirement Board,* 154 Pa.Cmwlth. 586, 624 A.2d 286 (1993), *aff'd.,* 538 Pa. 476, 649 A.2d 431 (1994), involved claims quite similar to those brought here, specifically, equal protection challenges to amendments to the pension system under which different classes of State legislators were subject to different levels of contributions and benefits based upon their dates of service. Both this court and our Supreme Court found the rational basis test to be the correct standard for such an inquiry.[4] Nonetheless, Donahue and Pierucci assert that we should subject Act 2001–9 to strict scrutiny because the legislators demonstrated personal bias in enacting amendments to SERS that in part increased their own benefits. We disagree. This was no less the case in *Harper* and *Rybak.* Moreover, the legislation at issue here burdens neither a fundamental right nor a suspect class and the fact that the legislators, as the only body authorized to do so,[5] enacted changes in the retirement system in which they participate provides no basis for heightened judicial scrutiny.

■ Thus we turn to the applicable test, whether the legislature had a rational basis for applying the amended retirement plans only to those currently in service and not to those already retired. Donahue and Pierucci challenge Act 2001–9 on the ground that it institutes a scheme for distribution of outstanding earnings on pension fund contributions to which they and other retirees contributed and, therefore, deserve to share. However, the amend-

4. The court in *Harper* specifically disavowed the equal protection analysis voiced by the three judge plurality opinion in *Klein v. State Employees' Retirement System,* 521 Pa. 330, 555 A.2d 1216 (1989), instead quoting with approval the concurring opinion of Chief Justice Nix. *Harper,* 538 Pa. at 524–25, 649 A.2d at 644–45. Thus petitioners' reliance on *Klein* is misplaced.

5. Under Article II, §§ 1 and 8 of the Pennsylvania Constitution, the legislature is vested with the sole power to amend the retirement codes and is vested with sole authority to establish the compensation for its own members.

ments effect a change not only in the distribution of benefits but also in the level of contributions by those members electing to participate in the new classes of service. As the General Assembly states in Section 1 of Act 2001–9, the amendments are designed to allow contributing members to increase their share of participation in the investment performance of the funds by increasing their contributions and to spread the funds' investment gains or losses over a shorter time frame of ten rather than twenty years. *See* Section 1(2) and (3) of Act 2001–9.[6] These goals serve a legitimate State interest in affording contributing members an opportunity to share in investment risks while maintaining sound funding strategy. *Cf. Harper,* 538 Pa. at 526, 649 A.2d at 645–46. Limiting participation in the new service classes to only those members actively employed and contributing is a rational means of achieving the legislative objectives. The new classes of service and the regulations pertaining thereto do not violate equal protection guaranties under either the federal or State Constitutions.

Accordingly, the respondents' preliminary objection in the nature of a demurrer is sustained and the petition for review is dismissed.[7]

### ORDER

AND NOW, this 21st day of October, 2003, the preliminary objection in the nature of a demurrer to the petition for review in the above captioned matter is hereby SUSTAINED and the petition for review is DISMISSED.

Judge SMITH–RIBNER concurs in the result only.

CONCURRING OPINION BY Judge FRIEDMAN.

I concur in the result. However, it is a long-standing principle that courts should not address a constitutional question if the case can be decided on non-constitutional grounds. *West v. Hampton Township Sanitary Authority,* 661 A.2d 459 (Pa. Cmwlth.1995). Instead of addressing the constitutional question here, I would decide the case on the standing issue, dismissing the petition for review because the retirees lack standing to challenge the 2001 amendments to the Public School Employees' Retirement Code, 24 Pa. C.S. §§ 8101–8535.

6.  Section 1(3) of Act 2001–9 states:
    A major change in the manner in which benefits are funded is warranted. Currently, gains or losses related to the funding for benefits are spread over a 20–year time frame. Under this proposed change, these gains or losses will now be spread over a shorter time frame, that being ten years, increasing intergenerational equity by reducing the time elapsed between the service of the members of the systems and the related funding. A similar policy was en-

acted in 1991 when 30–year funding for the two funds was reduced to 20–year funding.

7.  Inasmuch as Donahue and Pierucci cannot prevail in their contention that the amendments to PSERS and SERS under Act 2001–9 violate either the federal or State Constitutions, we need not address respondents' argument that the federal constitutional claims can only be pursued in an action pursuant to 42 U.S.C. § 1983.