**COMMONWEALTH of Pennsylvania ex rel. Roger BUEHL, Appellant,**

v.

**James PRICE, Superintendent, State Correctional Institution— Greene.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 12, 1997.
Decided Oct. 3, 1997.
Publication Ordered Jan. 12, 1998.

934

Roger Buehl, appellant, for himself.

Jill C. Fluck, Camp Hill, for appellee.

Before COLINS, President Judge, LEADBETTER, J., and JIULIANTE, Senior Judge.

COLINS, President Judge.

Roger Buehl (Buehl), a death-sentenced inmate housed at the State Correctional Institution at Greene (prison), appeals from the order of the Court of Common Pleas of Greene County (trial court) dismissing his complaint against prison superintendent James Price (Price).

Buehl contends that the trial court erred in dismissing his complaint in its entirety on the basis of Price's demurrer to only one of the claims raised. Buehl's complaint, entitled Petition for Writs of Mandamus and Habeas Corpus, generally alleges that a newly implemented prison restraint policy (behind-the-

back handcuffing applied to all death-sentenced inmates for all out-of-cell movements) violates his rights under the Pennsylvania Constitution. He requests declaratory and injunctive relief in addition to writs of mandamus and habeas corpus and other relief. Price's demurrer references only Buehl's habeas corpus claim and could therefore not serve as the basis for dismissing Buehl's other claims. The trial court concluded that Buehl failed to state a claim for habeas corpus relief because he alleged no facts that could constitute cruel and unusual punishment. (Trial Judge's Memorandum to Record at p. 2.)

On appeal, Buehl asserts that the trial court improperly dismissed his entire complaint on the basis of a demurrer to a single claim, and that the trial court misapprehended his claim under Article 1, Section 13 of the Pennsylvania Constitution and erred in dismissing it. While we agree with Buehl that the trial court improperly dismissed his entire complaint on the basis of a single claim, we affirm the trial court's order with respect to the claim of cruel and unusual punishment under Article 1, Section 13.

Under Article 1, Section 13, the conditions of confinement must not be cruel and unusual on contemporary standards of decency. *Jackson v. Hendrick,* 509 Pa. 456, 503 A.2d 400 (1986). Buehl's complaint fails to state any facts that, taken as a whole, would constitute cruel and unusual punishment. The prison's new restraint policy does not constitute infliction of unnecessary or wanton pain or amount to grossly disproportionate punishment for the crime for which he has been incarcerated. *Id.*

Because the facts in this case are undisputed, and for purposes of judicial economy, we address the remaining claims stated in Buehl's complaint without remand.[1] The remaining issues consist of claims under Article 1, Sections 1 and 26 of the Pennsylvania Constitution and under 37 Pa.Code §§ 91.6 and 93.11(b).

---

1. An appellate court may direct the entry of such appropriate order as may be just under the circumstances. 42 Pa.C.S. § 706. *See also Shuman v. Cumberland Valley School District Board of Directors,* 113 Pa.Cmwlth. 63, 536 A.2d 490 (1988), *petition for allowance of appeal denied,* 527 Pa. 658, 593 A.2d 428 (1991).

First, Buehl claims that the prison's new restraint policy resulted in a loss of liberty protected by Article 1, Section 1 of the Pennsylvania Constitution. A protected liberty interest may be created by either the due process clause of the U.S. Constitution or by state law. *Wilder v. Department of Corrections,* 673 A.2d 30 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 545 Pa. 673, 681 A.2d 1344 (1996). A state-created liberty interest in freedom from restraint is generally limited to freedom from restraint that, while not exceeding the sentence in such an unexpected manner as to give rise to protection by due process clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Id.* at 32 (quoting *Sandin v. Conner,* 515 U.S. 472, 486, 115 S.Ct. 2293, 2301, 132 L.Ed.2d 418 (1995)). In this case, the new restraint policy does not impose an atypical or significant hardship on Buehl in relation to the ordinary incidents of prison life. Specifically, the use of behind-the-back restraints or handcuffing does not impose an atypical or significant hardship as compared to a policy of using front restraints for out-of-cell movements.

Next Buehl asserts an equal protection claim in that the new restraint policy is imposed only on death-sentenced inmates. The test for determining whether a classification violates equal protection is whether a rational basis exists for that classification, unless the classification affects a suspect group or impinges on a fundamental right. *Harper v. State Employees' Retirement System,* 538 Pa. 520, 649 A.2d 643 (1994). In order to meet the rational basis test, a classification need only be directed at accomplishing a legitimate government interest in a manner that is not arbitrary or unreasonable. *McCusker v. Workmen's Compensation Appeal Board (Rushton Mining Company),* 536 Pa. 380, 639 A.2d 776 (1994).

In this case, death-sentenced inmates constitute a reasonable classification of prisoners who likely have a history of violent behavior, who likely pose a heightened threat to the safety and security of correctional officers and other prisoners, and who are more likely than other inmates to disregard prison rules and regulations. Accordingly, application of the new restraint policy only to death-sentenced inmates does not violate Buehl's equal protection rights under Article 1, Section 1 or Section 26 of the Pennsylvania Constitution.

Finally, Buehl asserts that the new restraint policy violates 37 Pa.Code § 91.6 and § 93.11(b). 37 Pa.Code § 91.6, an administrative regulation of the Department of Corrections, provides in pertinent part that "(a) Force and restraints will be used by corrections personnel only to accomplish legitimate peneological [sic] and law enforcement objectives ... [, and] (b) Neither force nor restraints will be used for punishment or revenge."

First we note that administrative regulations, found in Chapter 91 of the 37 Pa.Code, §§ 91.1–91.6, do not create rights in prison inmates; rather administrative regulations create rules for corrections officers to follow in the performance of their duties. Even if the administrative regulation created a right in Buehl, that regulation would not have been violated in this case. As we determined above, the new restraint policy was imposed to accomplish legitimate penological objectives, and Buehl does not allege facts that indicate that the policy was imposed for punishment or revenge. Buehl's complaint indicates that the new policy was imposed after contraband was found in the unit housing death-sentenced inmates and that the new policy constituted a concession to corrections officers' union, which had long been requesting the new policy. Accepting the alleged facts as true, the implementation of the new restraint policy was reasonable and not unwarranted under the circumstances and does not evidence a retaliatory animus designed to penalize death-sentenced inmates.

Chapter 93 of 37 Pa.Code, §§ 93.1–93.13, contains regulations dealing with rights and privileges of inmates. 37 Pa.Code § 93.11(b), prohibits assignment of inmates to restricted housing units except according to written procedures and established principles of law and due process. This section

does not address the use of restraints, and Buehl has no claim thereunder.

Accordingly, the order of the Court of Common Pleas of Greene County is affirmed.

### ORDER

**AND NOW,** this 3rd day of October, 1997, the order of the Court of Common Pleas of Greene County in the above-captioned matter is affirmed.