**Mark KUTNYAK, Petitioner**

v.

**DEPARTMENT OF CORRECTIONS, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 13, 2007.

Decided May 16, 2007.

Mark Kutnyak, petitioner, pro se.

Debra Sue Rand, Asst. Counsel and Suzanne N. Hueston, Chief Counsel, Camp Hill, for respondent.

BEFORE: LEADBETTER, President Judge, and FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Mark Kutnyak (Kutnyak) petitions for review of the December 6, 2006, order of the Board of Claims (Board), which, on remand from this court, entered judgment against Kutnyak and in favor of the De-

partment of Corrections (Department). We affirm.

In *Kutnyak v. Department of Corrections*, 748 A.2d 1275 (Pa.Cmwlth.), *appeal denied*, 566 Pa. 688, 784 A.2d 121 (2000) (*Kutnyak I* ), Kutnyak filed an amended complaint with the Board, alleging that: (1) a federal court dismissed a claim that Kutnyak had filed, and Kutnyak petitioned the court for a rehearing; (2) Kutnyak later learned that the court never received his petition; (3) to prove that he filed the petition, Kutnyak requested and received pertinent legal documents from the prison's restricted housing unit storage area and gave the documents to a corrections officer to be sent through the prison's in-house mail system to the prison's librarian for photocopying; (4) although the Department and Kutnyak had entered into a power of attorney agreement requiring that the Department provide Kutnyak with a receipt for his mail, the corrections officer did not give Kutnyak a receipt; (5) Kutnyak later learned that the prison's mailroom never received the legal documents and that the documents were missing; (6) as a result, Kutnyak was unable to prove that he filed a petition for rehearing in federal court, and, in addition, Kutnyak lost the money he spent to photocopy, mail and file the petition for rehearing. This court determined that the Board made no ruling on Kutnyak's power of attorney claim and remanded the case for disposition of that claim. *Id.*

On remand, the Board held a hearing. Afterward, the Board determined that: (1) the power of attorney agreement applies only to inmate mail **received** by the prison through the United States Postal Service (USPS); (2) the agreement is intended to comply with section 115.97 of the USPS Domestic Mail Manual,[1] which requires that prison officials obtain inmate consent to the prison's **receipt** of mail so that prison officials can open, inspect and censor incoming mail, *Guyer v. Beard*, 907 F.2d 1424 (3d cir.1990); (3) Kutnyak merely placed his legal documents in a spot where he believed they would be picked up and transmitted internally to the prison librarian for copying and returned to Kutnyak;[2] and (4) Kutnyak did not place his documents in the U.S. mail. Thus, the Board concluded that, in losing Kutnyak's

1. The Department indicates in its brief that section 115.97 of the Domestic Mail Manual has been replaced by section 1.7.3, which states, "Mail addressed to a prisoner is subject to the mail security standards in the Administrative Support Manual." (Department's brief at 10 n. 3.) Section 274.96 of the Administrative Support Manual, which became effective on July 13, 1999, after the events that occurred in this case, allows authorized prison personnel to open, examine and censor mail "sent from or addressed to an inmate" under rules or regulations promulgated by the prison. *Id.* Thus, currently, the Department does not need a power of attorney agreement under section 115.97 in order to examine inmate mail.

Although Kutnyak did not allege that the Department violated a regulation relating to the examination of outgoing mail, we note that, under the Department's current regulations, sealed outgoing mail from an inmate will not be examined unless "there is reason to believe that it may reveal or discuss illegal or unauthorized activity or for reasons set forth in any Department document that is disseminated to inmates." 37 Pa.Code § 93.2(d) and (e)(1).

2. In relying solely on the power of attorney agreement, Kutnyak evidently did not bring a tort action against the Department under section 8522(b)(3) of the act commonly known as the Sovereign Immunity Act, 42 Pa.C.S. § 8522(b)(3), for damages caused by the negligent care, custody or control of his personal property in the possession of a Commonwealth agency. *See Williams v. Stickman*, 917 A.2d 915 (Pa.Cmwlth.2007) (citing legal authority holding that section 8522(b) provides a remedy for inmates when a prison official negligently handles an inmate's personal property).

legal documents, the Department did not breach its power of attorney agreement with Kutnyak.

██ Kutnyak petitions this court for review, arguing that the Board erred in treating the federal court decision in *Guyer* as controlling precedent with respect to the purpose of the power of attorney agreement. Kutnyak maintains that the power of attorney agreement governs not only incoming mail from the USPS but the prison's in-house mail system as well, and, therefore, Kutnyak was entitled to a receipt from the Department when he sent his legal documents through the prison's in-house mail system to the prison librarian for copying.[3] We disagree.

In *Guyer*, a prisoner refused to sign a power of attorney form, and, as a result, the warden would not deliver his mail. Guyer sought an order compelling the prison officials to deliver his mail to him. However, the warden explained that a USPS regulation requires that inmates sign a power of attorney in order to authorize the prison to receive an inmate's mail. The regulation allows prisons to open, examine and censor the mail addressed to an inmate "if the inmate-addressee consents to receive his mail at the institution through the institutional authorities." *Guyer*, 907 F.2d at 1428 n. 9. Pennsylvania regulations require that prison officials open and examine incoming mail. Thus, because Guyer refused to sign a power of attorney form, the warden returned his incoming mail to the post office. The court denied the request to compel the delivery of Guyer's mail. *Guyer*.

██ Here, Kutnyak appointed the superintendent/director of the prison, or an authorized person, "to receive and document receipt of mail on [Kutnyak's] behalf." *Kutnyak I*, 748 A.2d at 1279 n. 6. Although decisions of the Court of Appeals for the Third Circuit are not binding on Pennsylvania courts, they have persuasive value. *Garber v. Pennsylvania Department of Corrections*, 851 A.2d 222 (Pa. Cmwlth.2004). We are persuaded by *Guyer* that Kutnyak's power of attorney only applies to incoming mail for Kutnyak from the USPS. Thus, we conclude that the Department did not breach the power of attorney agreement by failing to give Kutnyak a receipt for legal documents he sent through the prison's in-house mail system.[4]

3. Our scope of review is limited to determining whether constitutional rights were violated, whether the Board's adjudication is in accordance with the law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

4. Kutnyak also asserts that, even if the power of attorney agreement does not apply to a prison's in-house mail system, the *pro se* prisoner mailbox rule in *Smith v. Pennsylvania Board of Probation and Parole*, 546 Pa. 115, 683 A.2d 278 (1996), should apply where an inmate uses the prison's in-house mail system to obtain copies of legal documents prior to mailing. However, the facts in this case fall far short of those in *Smith*.

In *Smith*, our supreme court held that, in the interest of fairness, a *pro se* prisoner's appeal shall be deemed filed on the date that the prisoner places the document in the hands of prison officials or in the prison mailbox. The court explained that the rules of procedure allow filing by first class mail, evidenced by a Postal Service Form 3817, and, given the special situation of prisoners, the inmate did all that he could reasonably be expected to do by obtaining a Cash Slip showing the payment of postage for mail sent to the prothonotary. *Id.*

Here, the Board found that Kutnyak placed his legal documents in the prison's in-house mail system for copying by the librarian; he did not place the document in the hands of prison officials for purposes of mailing. Moreover, there is no procedural rule that would deem a document filed as of the date a party copied the document. Finally, unlike the inmate in *Smith*, it does not appear that Kutnyak obtained a Cash Slip showing the payment of fees for copying legal documents.

Accordingly, we affirm.

### ORDER

AND NOW, this 16th day of May, 2007, the order of the Board of Claims, dated December 6, 2006, is hereby affirmed.