# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Curtician,                               :
                                 Petitioner    :
                                                :
               v.                           :   No. 785 M.D. 2018
                                                :   Submitted: September 6, 2019
DOC Secretary Wetzel, et al.,                   :
                               Respondents    :

BEFORE:    **HONORABLE RENÉE COHN JUBELIRER,** Judge
                      **HONORABLE P. KEVIN BROBSON,** Judge
                      **HONORABLE CHRISTINE FIZZANO CANNON,** Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                  **FILED: January 15, 2020**

Presently before the Court are preliminary objections (POs) in the nature of a demurrer of the Department of Corrections (DOC) Secretary Wetzel, et al., (Respondents),[1] to Steve Curtician's (Petitioner) Petition for a Writ of Mandamus (Petition) filed in our original jurisdiction. After review, we sustain Respondents' POs and dismiss the Petition.

Initially, when ruling on POs, this Court must "accept as true all well-pleaded material allegations" in the Petition and any reasonable inferences that can be drawn therefrom. *Armstrong Cty. Mem'l Hosp. v. Dep't of Pub. Welfare*, 67 A.3d 160, 170 (Pa. Cmwlth. 2013). Because sustaining a demurrer results in dismissal of a petition,

---

[1] Petitioner asserts in the body of his Petition that DOC respondents include, along with Secretary Wetzel, a unit manager at the State Correctional Institution at Houtzdale and chief grievance officer Dorina Varner.

POs in the nature of a demurrer "should be sustained only in cases that clearly and without a doubt fail to state a claim upon which relief may be granted." *Bell v. Township of Spring Brook*, 30 A.3d 554, 557 n.7 (Pa. Cmwlth. 2011). Any doubt as to whether the POs should be sustained must be resolved in favor of overruling them. *Pa. State Lodge, Fraternal Order of Police v. Dep't of Conservation & Nat. Res.*, 909 A.2d 413, 416 (Pa. Cmwlth. 2006).

## I. Petition

With the above principles in mind, we turn to the averments in the Petition, which are as follows. Petitioner is presently incarcerated at the State Correctional Institution at Houtzdale (SCI-Houtzdale) and was housed in the E-B housing unit during the statewide prison lockdown from August 29, 2018 to September 10, 2018. He claims that prison employees engaged in unsanitary methods of food delivery during the approximately two-week period of the prison lockdown. Specifically, Petitioner asserts that food was delivered in "dirty laundry carts," and staff would "handl[e] keys, door handles, [and] railings," then "reach[] into a bread bag" and give inmates food "with the same contaminated [g]loves." (Petition ¶ 14.) Petitioner complained to certain corrections officers, none of whom are the named Respondents, of the unsanitary practices that he alleges he witnessed during the statewide lockdown. These corrections officers "agreed with [Petitioner] but continued to allow unsanitary practices to continue." (*Id.* ¶ 20.)

Petitioner asserts security camera footage will confirm his allegations, but grievance staff did not acknowledge Petitioner's request to view such footage or preserve the footage for future review. Petitioner filed grievances with the unit manager of his housing unit, and the grievances were deemed frivolous and denied

2

throughout the process. In his grievances, Petitioner provided affidavits of fellow inmates who attested to the unsanitary practices alleged by Petitioner and, therefore, Petitioner provided sufficient evidence to support his claims in the grievances.

Petitioner further avers that DOC Policy DC-ADM 610[2] and DOC regulation, 37 Pa. Code § 95.230,[3] require that food be prepared and served in a sanitary manner and set forth hygiene guidelines for food service employees, requiring them to wear appropriate hair coverings and gloves. Although staff members wore gloves, they did not change gloves once the gloves were "contaminated." (Petition ¶ 19.) The actions of DOC staff members while serving food during the prison lockdown violated this policy and regulation, as well as violated Petitioner's constitutional rights under article I, section 13 of the Pennsylvania Constitution.[4]

Petitioner seeks the following relief:

25). Petitioner[] respectfully moves this Honorable Court to grant [his] mandamus to compel the [R]espondents to act on the preponderance of evidence provided throughout the grievance and appeal process and to compel official[']s performance of a []ministerial act or mandatory duty as opposed to a discretionary act and arbitrary stonewalling tactics.

26). Petitioner[] respectfully moves this Court to issue an order directing [DOC] officials to adhere to established policies [P]etitioner[] [is] entitled to as required by law.

27). Petitioner[] respectfully moves this Court for an order compelling [R]espondents to review [P]etitioner's, and all grievances and appeals strictly in accordance with the directives set forth within Pa. [DOC] [P]olicy DC-ADM 610, 37 Pa. Code § 95.230 and [Pa.] Const. [a]rt. I[,] § 13.

---

[2] DC-ADM 610 governs the operations of food services within DOC facilities and includes, among other things, guidelines for food preparation and storage, and personal hygiene and sanitation.

[3] This DOC regulation governs the minimum requirements for food services in county jails.

[4] PA. CONST. art. I, § 13. Article I, section 13 provides "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted." *Id.*

. . .

29).    Pursuant to 42 Pa.C.S.[] § 8303, Petitioner[] seek[s] the appropriate damages/compensation for the costs incurred in redressing [R]espondent's [sic] failure to p[er]form "mandatory" duties in accordance with law . . . .  The amount of damages over the costs incurred for filing for redress should be determined by this [C]ourt in regards to evidence presented.

(Petition ¶¶ 25-29 (citations omitted).)  Petitioner also requests leave to amend his Petition, if necessary.

Respondents filed the immediate POs in response to the Petition, asserting that Petitioner failed to state a claim for which relief can be granted because he has not alleged that Secretary Wetzel or the other Respondents actually delivered food to him and, even if the Petition is viewed as a claim brought under Section 1983, 42 U.S.C § 1983, Petitioner has failed to state a claim because he seeks to hold Respondents vicariously liable and has not averred facts of Respondents' personal involvement.  Respondents also filed on the same day as their POs an Application to Stay Discovery Pending Disposition of the POs (Application), which this Court granted by order dated March 28, 2019.

Petitioner responded, admitting that Respondents never personally delivered food to him but were put on notice by his grievances and assumed liability when they did not act to address Petitioner's concerns.  (Answer to POs ¶ 10.)  Petitioner asserts that Respondents have a mandatory duty to follow DOC guidelines and regulations for food preparation and handling and the violations of these policies also raise constitutional concerns under the Eighth Amendment.[5]

---

[5] The Eighth Amendment provides "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. CONST. amend. VIII.

4

## II.  Arguments

Respondents assert that Petitioner has failed to state a claim for mandamus relief, arguing as follows.  Petitioner has not alleged that Respondents delivered food to him but instead relies upon vicarious liability.  However, public officials cannot be vicariously liable for a subordinate employee's negligent acts.  Further, DC-ADM 610 does not create an enforceable right for Petitioner or other inmates, and the DOC regulation upon which Petitioner relies, 37 Pa. Code § 95.230, applies only to county jails.  If this Court construes Petitioner's claims as a civil rights case under Section 1983, Respondents assert that Petitioner has failed to state a claim because he has not alleged facts regarding personal involvement of Respondents.  Individual employees cannot be held vicariously liable under Section 1983, but rather must "'have played an active role' in the alleged violation."  (DOC's Brief (Br.) at 9 (quoting *Sutton v. Rasheed*, 323 F.3d 236, 250 (3d Cir. 2003)).)  Petitioner has not alleged these facts and "does not seek any remedy," or "allege any actual harm," but seeks an impermissible "advisory opinion."  (*Id.* at 10.)  Respondents ask us to sustain the POs and dismiss the Petition.

Petitioner responds that he has stated a claim for relief, arguing as follows.  Mandamus is the only available remedy Petitioner has to protect his rights under article I, section 13 of the Pennsylvania Constitution.  Petitioner has a right to be "free from the risks of contracting infections that may cause serious bodily harm [or] loss of life," and prison supervisors cannot ignore such unsanitary conditions when they are alerted to it, but must take corrective action.  (Petitioner's Br. at 7.)  Even

if prison supervisors were not personally involved in distributing food during the lockdown, they are still liable.[6]  Petitioner asks this Court to overrule the POs.[7]

## III.   Discussion

Reading Petitioner's averments liberally as asserting a violation of his constitutionally protected rights under article I, section 13 of the Pennsylvania Constitution[8] brought pursuant to Section 1983, Respondents argue that Petitioner has failed to state a claim.    Respondents contend Petitioner seeks to hold

---

[6] Petitioner also contends that in granting Respondents' Application and staying discovery, this Court provided Respondents with an unfair advantage and precluded Petitioner from obtaining relevant discoverable materials to prove his claims.  Petitioner argues he did not receive his copy of the Application until after this Court had ruled upon it and, therefore, could not object.  We emphasize that the Court's order merely stayed discovery during consideration of the present POs. It did not foreclose Petitioner's opportunity to pursue discovery if the POs were ultimately overruled.  Moreover, even if Petitioner did not receive the Application until after this Court ruled upon it, as he asserts, Petitioner filed a subsequent Motion to Lift the Stay of Discovery in which he voiced his objections, although this motion was ultimately denied by order of this Court dated July 2, 2019.  Therefore, Petitioner was not prejudiced by the order granting the Application. Further, the Court considers only the facts as alleged in the Petition when ruling on preliminary objections. *Armstrong Cty. Mem'l Hosp.*, 67 A.3d at 170. Because the facts as alleged in the Petition do not state a claim and we will sustain the instant POs, this case will not proceed to discovery and no further discussion of this point is necessary.

[7] Petitioner devotes a significant portion of his brief to recounting various alleged problems involving his mail to this Court.  To the extent Petitioner contends that this Court has not ruled upon his motions, our review of the docket shows no outstanding motions by either party. Therefore, the only pleadings before the Court presently for consideration are the present POs.

Petitioner further asserts arguments regarding the mail that he sent in a separate case in our original jurisdiction, *Curtician v. Wetzel* (Pa. Cmwlth., No. 67 M.D. 2019, filed April 17, 2019). By memorandum and Order of this Court filed April 17, 2019, the Court sustained the respondent's preliminary objections and dismissed that case.  Accordingly, to the extent that Petitioner's arguments address the procedure and facts of that dismissed case, we do not consider them.

[8] Although Petitioner asserts in his Petition that Respondents' actions were in violation of his rights under article I, section 13, we note that the relief he requests does not include declaratory or injunctive relief to address such violations.  His relief focuses only upon directing Respondents' actions with regard to his grievances.

Respondents vicariously liable for the actions of the employees who actually delivered the food and, because Petitioner has not averred facts demonstrating Respondents' individual involvement, he has not stated a claim. Respondents are correct.

Article I, section 13, like the Eighth Amendment to the United States Constitution, prohibits the infliction of cruel punishments.[9] Section 1983 provides that persons acting under color of state law that deprive a citizen of "any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983. To state a claim for relief under Section 1983, a petitioner "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Akins*, 487 U.S. 42, 48 (1988). Under Section 1983 claims, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (emphasis omitted). A Section 1983 claim will not succeed where a petitioner seeks to hold the government official liable under a "theory of 'supervisory liability'", for "knowledge and acquiescence in their subordinates'" actions. *Id.* at 677. A government official's

---

[9] Petitioner avers in his Petition only a violation of rights under article I, section 13, of the Pennsylvania Constitution but argues in his answer to the POs violations of his Eighth Amendment rights under the United States Constitution. Regardless, "the guarantee against cruel and unusual punishment in [a]rticle I, [s]ection 13 of the Pennsylvania Constitution provides no greater protection than that afforded by the United States Constitution." *Tindell v. Dep't of Corr.,* 87 A.3d 1029, 1036 n.8 (Pa. Cmwlth. 2014).

mere participation in reviewing a grievance after the fact is insufficient to establish personal involvement. *Brooks v. Beard*, 167 Fed. App'x 923, 925 (3d. Cir. 2006).[10]

This Court has explained that where a pleading does not allege personal knowledge or involvement of the respondents beyond grievance review, the petition does not state a claim upon which relief can be granted. *Rawlings v. Wetzel* (Pa. Cmwlth., No. 562 M.D. 2016, filed Oct. 20, 2017), slip op. at 8-9.[11] The petitioner in *Rawlings* sought relief under Section 1983 for alleged constitutional violations related to his placement in the restricted housing unit and disciplinary actions that he contended disregarded his mental illness. The petitioner averred that the respondents knew and were deliberately indifferent to the effects of the restricted housing unit on the petitioner's well-being and mental health. This Court agreed with the respondents that such allegations were insufficient to state a claim for relief because they did not allege personal involvement. *Id.* at 9. Specifically, we noted that the petitioner did "not allege knowledge or personal involvement of either [r]espondent in the alleged violations," and any "[a]llegations that [the r]espondents became aware of alleged violations from their subsequent review of grievances or request slips for treatment do not suffice." *Id.* at 10.

Respondents also argue that Petitioner has not "allege[d] any actual harm." (Respondents' Br. at 10.) As this Court explained in *Tindell v. Department of Corrections,* 87 A.3d 1029 (Pa. Cmwlth. 2014), a claim for relief under Section 1983 was not stated where the petitioners provided only general allegations of the harm. In *Tindell*, the petitioners asserted a violation of the prohibition on cruel punishment

---

[10] Although not binding on this Court, "decisions of the Court of Appeals for the Third Circuit . . . have persuasive value." *Kutnyak v. Dep't of Corr.*, 923 A.2d 1248, 1250 (Pa. Cmwlth. 2007).

[11] *Rawlings*, an unreported opinion, is cited for its persuasive value in accordance with Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

under the United States and Pennsylvania constitutions based on the alleged unsanitary conditions and denial of medical care in the restricted housing unit. We noted that the petitioners needed to "allege both that the inmate has been exposed to an unreasonable risk of serious damage to future health," and, "it would violate contemporary standards of decency to expose anyone unwillingly to such a risk." *Tindell*, 87 A.3d at 1039. Although the petitioners had stated generally the deleterious effects of life in the restricted housing unit, we determined they did "not identify symptoms or effects of a deteriorating mental state that they have experienced . . . ." *Id.* at 1040. The petitioners averred that isolation had shown risks of mental illness but "fail[ed] to allege acts taken or omitted by the named [r]espondents that [] caused the constitutional deprivation they seek to remedy." *Id.* Accordingly, the Court determined the petitioners had not stated a claim for relief. *Id.* at 1041.

Like the petitioners in *Rawlings* and *Tindell*, Petitioner has not averred that Respondents, acting under color of state law, deprived him of his constitutional rights under article I, section 13 with regard to the alleged improper handling of food. Specifically, Petitioner has not alleged facts of personal involvement or harm and impermissibly seeks to impose liability against Respondents under a theory of respondeat superior. Petitioner admits in his answer to the POs that Respondents were not personally involved in the alleged unsanitary food handling. (Answer to POs ¶ 10.) Instead, Petitioner seeks to impose liability upon Respondents for not acting to correct the alleged unsanitary conditions. This is a form of supervisory liability, which is not permitted under Section 1983. Petitioner seeks relief against Respondents because they became aware of the alleged unsanitary practices during his grievance review but did not take corrective actions. However, an allegation that

9

Respondents became aware of these alleged unsanitary practices after the fact during a grievance review is an insufficient allegation of personal knowledge or involvement. *Brooks*, 167 Fed. App'x at 925. Further, while Petitioner asserts that he complained to corrections officers of the alleged unsanitary practices, (Petition ¶ 20), he does not name those corrections officers as Respondents.

Petitioner asserts generally that prison staff used unsanitary methods of food delivery during the prison lockdown, averring that they delivered food out of dirty laundry carts and touched the food that they served after touching unsanitary surfaces, such as keys and door handles. However, Petitioner has not alleged that he suffered any harm, symptoms, or medical effects from this alleged unsanitary food handling. *Tindell*, 87 A.3d at 1040. Therefore, Petitioner "fail[s] to allege acts taken or omitted by the named Respondents that [] caused the constitutional deprivation [he] seeks to remedy." *Id.* Accordingly, construing the Petition as a claim under Section 1983, Petitioner has failed to state a claim for relief.

Although Petitioner has not stated a claim for relief under Section 1983, which forms the basis for Respondents' POs, we also note that Petitioner has not stated a claim for the mandamus relief he seeks in the Petition. A writ of mandamus "is an extraordinary writ designed to compel performance of a ministerial act or mandatory duty." *O'Toole v. Pa. Dep't of Corr.*, 196 A.3d 260, 270 (Pa. Cmwlth. 2018) (citation omitted). Mandamus can be granted only "where there exists a clear legal right in the petitioner, a corresponding duty in the respondent, and a want of any other adequate and appropriate remedy." *Id.* (emphasis and citation omitted). "Mandamus is not used to direct the exercise of judgment or discretion of an official in a particular way." *Clark v. Beard*, 918 A.2d 155, 159 (Pa. Cmwlth. 2007).

10

Relying upon DOC policies and regulations, Petitioner seeks mandamus relief for the alleged violations of those policies during the statewide lockdown. However, as this Court explained in *Tindell*, "administrative rules and regulations 'do not create rights in prison inmates.'" 87 A.3d at 1035 (quoting *Commonwealth ex rel. Buehl v. Price*, 705 A.2d 933, 936 (Pa. Cmwlth. 1997)). We noted "[a]llegations that corrections officers have failed to follow rules and regulations promulgated or adopted by prison officials . . . cannot state a claim for mandamus." *Id.* Therefore, where petitioners "ask[] this Court to establish what their rights are and to fashion relief accordingly," such relief is not properly granted under mandamus. *Id.* at 1043.

Accordingly, to the extent that Petitioner seeks mandamus relief premised upon the alleged violations of DOC policies and regulations governing food handling procedures on the basis that those policies create rights, Petitioner has not stated a claim.[12] Further, relief directing Respondents to exercise their discretion with regard to Petitioner's grievances (Petition ¶¶ 25, 27), does not involve a mandatory act and is precluded from mandamus. *See Tindell*, 87 A.3d at 1035.

## IV.    Conclusion

When we construe the Petition as a claim for relief under Section 1983 for a violation of article I, section 13 of the Pennsylvania Constitution, Petitioner has not alleged facts asserting harm or personal involvement by Respondents. Moreover, Petitioner has not stated a claim for the mandamus relief he seeks, as he "ask[s] this Court to establish what [his] rights are and to fashion relief accordingly," *Tindell*, 87

---

[12] As Respondents note, the regulatory section upon which Petitioner relies, 37 Pa. Code § 95.230, governs the minimum requirements for food services in county correctional facilities. Because Petitioner is incarcerated at a state correctional institution, this regulation is inapplicable to Petitioner's claims for relief.

A.3d at 1043, rather than to enforce a clear legal right to which Respondents have a corresponding duty. Accordingly, because Petitioner has failed to state a claim, we sustain Respondents' POs and dismiss the Petition.

_____
**RENÉE COHN JUBELIRER**, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Curtician,                      :
                Petitioner            :
                                  :
                v.                     :    No. 785 M.D. 2018
                                  :
DOC Secretary Wetzel, et al.,          :
                Respondents          :

## O R D E R

    **NOW**, January 15, 2020, the Respondents' Preliminary Objections to Petitioner's Petition for a Writ of Mandamus (Petition) are **SUSTAINED**. The Petition is **DISMISSED**.

                                          _____

                                          **RENÉE COHN JUBELIRER,** Judge