IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Galina Rytsar,                          :
                    Petitioner          :
                                        :
            v.                          :
                                        :
Superintendent Overmyer,                :
Lt. McCurdy, Lt. Dugan, C/O Osborne,    :
C/O Shuhayda,                           :    No. 571 M.D. 2022
                    Respondents         :    Submitted: July 5, 2024


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                  FILED: September 9, 2024


            Before this Court are the preliminary objections (Preliminary Objections) filed by the Pennsylvania Department of Corrections' (Department) employees at the State Correctional Institution at Cambridge Springs (SCI-Cambridge Springs), Superintendent Overmyer, Lieutenant (Lt.) McCurdy, Lt. Dugan, Corrections Officer (C/O) Osborne, and C/O Shuhayda (collectively, Respondents)[1] to Galina Rytsar's (Rytsar) pro se Petition for Emergency Relief/Injunction (Petition) filed in this Court's original jurisdiction. After review, this Court sustains the Preliminary Objections and dismisses Rytsar's Petition.

            Rytsar is currently an inmate at SCI-Cambridge Springs.[2] On July 14, 2022, Respondents placed Rytsar in the SCI-Cambridge Springs Restricted Housing

---

[1] Respondents' first names are not set forth in the Petition for Emergency Relief/Injunction or supporting documents.

[2] *See* http://inmatelocator.cor.pa.gov (last visited Sept. 6, 2024).

Unit (RHU).[3]  At that time, Respondents found legal documents in Rytsar's previous cell exceeding permissible amounts and confiscated the documents.  Thereafter, Rytsar sought permission to store the additional legal materials in her cell (Request). Upon Rytsar's release from the RHU, she asked that Respondents return her legal documents.  Thereafter, Rytsar filed a grievance,[4] alleging that Respondents had violated her constitutional rights by confiscating her legal documents and impairing her ability to pursue her appeal.[5]  On October 12, 2022, Respondents granted Rytsar's Request to keep additional legal materials in her cell, but limited the materials to one additional box.  On October 24, 2022, Respondents denied Rytsar's grievance.

On November 21, 2022, Rytsar filed the Petition[6] seeking "emergency relief/injunction,"[7] claiming that Respondents violated her rights under the First Amendment to the United States (U.S.) Constitution,[8] by confiscating her legal paperwork beginning on July 14, 2022.  According to Rytsar,

> [she] was called to the . . . [o]ffice on the SCI-[Cambridge Springs] campus November 10, 2022[,] and told by staff members[,] [C/Os] Osborne and Shuhayda, who were accompanied by [Lt.] McCurdy, Security Supervisor, Lt.

---

[3] The facts are as set forth in Rytsar's Petition.

[4] The documents attached to the Petition identify the grievance as No. 996819, but do not contain a date on which the grievance was filed.

[5] Rytsar has continued to seek review of her criminal conviction before the United States Supreme Court at Docket No. 21-8203.

[6] On June 5, 2023, Respondents filed preliminary objections to the Petition alleging therein that Rytsar's service thereof on them was defective.  On June 7, 2023, this Court sustained Respondents' preliminary objections and directed Rytsar to properly serve the Petition on Respondents and file a certificate of service with the Court.  On June 20, 2023, Rytsar complied with the June 7, 2023 Order.

[7] Petition at 1.  The Petition requests emergency/injunctive relief, but sounds in mandamus.

[8] The First Amendment to the U.S. Constitution provides: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."  U.S. CONST. amend. I.

> Dugan, and Sup[erintendent] Overmyer, that [she] must choose what legal work [she] would keep to fill up only one box. [Rytsar] was told the rest would be sorted by staff and thrown away. Prison staff are permitted to give a cursory check to inmate privileged mail, but are not permitted to read it. [Rytsar is] primarily Russian speaking [and] told [the] officers, as best she could, that she would have [a] difficult time sorting her mail in a rushed fashion and under duress. [Rytsar] maintains it is all relevant and needed for her to continue. [Rytsar] was loudly and aggressively ordered to sort her mail so that it would fit into one box. When she asked the staff again to allow her [to have] another box as policy says she does not have to be limited to one, [Rytsar] was given a Prison Movement Pass and sent back to her unit, without her mail.

Petition ¶ 11. Rytsar further avers in the Petition that Department Policy does not limit the number of boxes to one, and that she has accumulated more papers than one box would store in six years' worth of litigation. *See* Petition ¶ 10. Rytsar also alleges that Respondents violated her First Amendment rights to access the courts and free speech by interfering with her legal mail when she did not receive an October 3, 2022 U.S. Supreme Court Order denying her petition for a writ of certiorari until October 31, 2022, because Respondents sent the October 3, 2022 Order back to the U.S. Supreme Court due to "Incorrect Coding." Petition ¶ 7.

> Specifically, Rytsar asserts:

> Pursuant to Rule 44 of the [U.S.] Supreme Court filing instructions, an [a]ppellant can [p]etition for a [r]ehearing on a matter within 25 calendar days of an Order from the [U.S. Supreme] Court. Due to [Respondents'] interference . . . in both the privileged mail dissemination practice and the denial of [Rytsar's] mail, as it is all currently still being kept in the Search Office of Lt. McCurdy . . . [Rytsar] must now ask this Honorable Court to direct [Department] staff to grant her access to her mail so that she can attempt to use the information contained therein to beg the [U.S.] Supreme Court to enlarge the

3

deadline of a [p]etition she needed to file in th[at] Court by October 28, 2022.

Petition ¶¶ 8-9.

On July 11, 2023, Respondents filed the Preliminary Objections, alleging therein that Rytsar cannot establish a clear right to relief. The parties filed briefs in support of their respective positions and the matter is now ready for disposition.

Initially,

[m]andamus is an extraordinary writ, reserved for those instances where an agency has failed or refused to perform a ministerial act or a mandatory duty. Mandamus may not be used to establish legal rights, nor may it be used to direct the exercise of discretion or judgment in a particular way. To prevail, the petitioner seeking mandamus relief must establish the following: (1) a clear right to relief; (2) a corresponding duty in the respondent; and (3) the lack of any other adequate and appropriate remedy.

*MFW Wine Co., LLC v. Pa. Liquor Control Bd.*, 231 A.3d 50, 56 (Pa. Cmwlth. 2020) (citations omitted), *aff'd*, 247 A.3d 1008 (Pa. 2021).

In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.

A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review in the nature of a] complaint and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. When ruling on a demurrer,

4

> a court must confine its analysis to the [petition for review in the nature of a] complaint.[9]

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (citations omitted).

Respondents aver in their Preliminary Objections that Rytsar's request for injunctive relief is unfounded because Respondents are permitted to reasonably limit an inmate's cell contents, and the inadvertent mishandling of one piece of legal mail does not amount to a constitutional violation. Thus, Respondents' assert that Rytsar cannot establish a clear legal right to relief as required for mandamus.

With respect to Rytsar's contention that Respondents unconstitutionally denied her access to the courts by limiting her legal materials, Section 3(B)(1) of the Department's policy DC-ADM 815, titled, "Accumulation of Items - Cell Content Limitations" (Policy), provides general cell storage restrictions on inmate property:

> An inmate in general population is permitted storage space equal to four records center boxes. This space may consist of four records center boxes or one footlocker and two records center boxes. In a cell with a built-in, or freestanding storage cabinet, the inmate is permitted to use that space and either two records center boxes or one footlocker.

DC-ADM 815, Section 3(B)(1).[10]

Rytsar contends in her Petition that in addition to the storage restrictions referenced in DC-ADM 815, Section 3(B)(1), Section 3(B)(11) of the Policy also

---

[9] "[C]ourts reviewing preliminary objections may not only consider the facts pled in the [petition for review in the nature of a] complaint, but also any documents or exhibits attached to it." *Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014).

[10] https://www.pa.gov/content/dam/copapwp-pagov/en/cor/documents/about-us/doc-policies/815%20Personal%20Property,%20State%20Issued%20Items%20and%20Commissary%20-%20Outside%20Purchases.pdf at 3-2 (last visited Sept. 6, 2024).

5

explicitly permits her to store the confiscated legal documents in her cell, stating, in pertinent part:

> 11. The Facility Manager may permit an inmate to maintain extra storage box<u>es</u> for legal materials for active cases:
>
>> a. the only legal material permitted will be court filings, transcripts, notes of testimony, and notes prepared by the inmate. This does not[] include reference materials, books, or photocopied cases.
>>
>> b. excess legal materials will be stored in a separate box marked "Legal Materials Only;"
>>
>> c. the inmate must send a **DCA-135A**, **Inmate Request to Staff Member**, to the Facility Manager/designee requesting permission to maintain extra storage boxes for legal materials. The **DC-135A** must describe the legal materials . . .; and
>>
>> d. if approved by the Facility Manager/designee, a copy of the **DC-135A** shall be forwarded to the Property Officer; the number of boxes permitted, and a brief description of the contents shall be noted on the inmate's **DC-153**.
>
> 12. An inmate may not exceed the property limits established by the Department. Excess property, as determined by the Facility Manager/designee, may be shipped out at the inmate's expense or destroyed. If an inmate has accumulated excess property prior to transfer to another Department facility or release[d], the sending facility shall ensure that the excess property is shipped out at the inmate's expense or destroyed, prior to the inmate's transfer.

Petition, Ex. 7 (underline emphasis added). Respondents granted Rytsar's Request for additional storage pursuant to Section 3(B)(11) of the Policy, but limited her to one box of legal materials.

6

Rytsar argues that the use of the word "boxes" in Section 3(B)(11) of the Policy entitles her to store more than one box of legal materials in her cell. DC-ADM 815, Section 3(B)(11). This Court has explained:

> Allegations that corrections officers have failed to follow rules and regulations promulgated or adopted by prison officials that do not also allege this failure has violated a clearly established statutory or constitutional right of a prison inmate cannot state a claim for mandamus, because administrative rules and regulations "do not create rights in prison inmates." *Commonwealth ex rel. Buehl v. Price*, 705 A.2d 933, 936 (Pa. Cmwlth. 1997); *Lawson v. Dep[’t] of Corr*[.], . . . 539 A.2d 69, 71-72 ([Pa. Cmwlth.] 1988). Administrative regulations are not statutes or constitutional provisions.

*Tindell v. Dep't of Corr.*, 87 A.3d 1029, 1035 (Pa. Cmwlth. 2014); *see also Bullock v. Horn*, 720 A.2d 1079, 1082 n.6 (Pa. Cmwlth. 1998) ("Administrative regulations or policies do not create rights in inmates."). Specifically, this Court recognized that DC-ADM 815, Section 3(B)(11) is "permissive, giving each facility the discretion to allow—or, alternatively, deny— . . . extra storage boxes." *Jordan v. Pa. Dep't of Corr.* (Pa. Cmwlth. No. 416 M.D. 2016, filed Sept. 25, 2017), slip op at 6.[11]

> Moreover, the Pennsylvania Supreme Court has observed:

> [R]easonable prison regulations regarding the quantity and type of property that inmates may possess do not violate due process guarantees. *See, e.g.*, *Bell v. Wolfish*, 441 U.S. 520, 554 . . . (1979) (noting that prisoners' due process rights with respect to possession of property are not absolute, but are "subject to reasonable limitation *or retraction* in light of the legitimate security concerns of the institution") (emphasis added); *Ford v. Schmidt*, 577 F.2d 408 (7th Cir. 1977) (upholding, against a constitutional challenge, regulations established by prison

---

[11] This Court's unreported memorandum opinions may be cited "for [their] persuasive value, but not as binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa.Code § 69.414(a). The unreported opinions referenced herein are cited for their persuasive value.

7

officials concerning the possession of property by inmates).

*Small v. Horn*, 722 A.2d 664, 671 (Pa. 1998); *see also Iseley v. Beard*, 841 A.2d 168 (Pa. Cmwlth. 2004) (rejecting a prisoner's claim that he has a right to possess legal documents in an amount greater than what the Department's Policy provides because restrictions on legal materials kept in an inmate's cell are reasonably related to the legitimate penological goals); *Hackett v. Horn*, 751 A.2d 272, 275 (Pa. Cmwlth. 2000) (explaining that "limitations imposed . . . on materials, including legal materials, that may be kept in an inmate's cell are reasonably related to the legitimate penological goals of safety, security[,] and fire hazard concerns"). In accordance with well-established precedent, Rytsar has no right to seek mandamus relief to require Respondents to comply with the Department's Policy or to apply it consistently with her interpretation.

Rytsar also asserts that Respondents violated her constitutional rights when Respondents returned her mail - a U.S. Supreme Court Order denying certiorari - due to "Incorrect Coding," and Respondents' return of such mail to the U.S. Supreme Court and their retention of her legal materials has impaired her access to the courts. Petition ¶¶ 6-8.

> [T]he First Amendment to the [U.S.] Constitution has long been interpreted by the courts as including a general right to communicate by mail. *See, e.g.*, *Turner* [*v. Safley*], 482 U.S. [78,] 91-93 [(1987)] (analyzing constitutionality of regulation restricting inmate-to-inmate mail); *Thornburgh v. Abbott*, 490 U.S. 401 . . . (1989) (analyzing constitutionality of regulation restricting prisoner receipt of outside publications by mail).

*Bussinger v. Dep't of Corr.*, 29 A.3d 79, 84-85 (Pa. Cmwlth. 2011), *aff'd*, 65 A.3d 289 (Pa. 2013). Notwithstanding, this Court has held that "a single [incident of mishandling] legal mail . . . may not infringe a prisoner's right to free speech or his right to court access absent a showing of actual injury." *Jones v. Doe*, 126 A.3d 406,

409 (Pa. Cmwlth. 2015). Here, Rytsar references a single incident, whereby Respondents returned her U.S. Supreme Court Order due to incorrect coding which, alone, does not constitute an infringement on Rytsar's First Amendment rights.

To the extent that Rytsar argues that Respondents' return of the U.S. Supreme Court's Order and retention of her legal materials has impaired her First Amendment right to access to the courts, this Court has explained:

> [D]enial of access to legal documents may constitute a violation of a prisoner's First Amendment right to petition the courts and/or Fourteenth Amendment[12] due process rights, *Zilich v. Lucht*, 981 F.2d 694, 695 (3d Cir. 1992)[. However], **in order to state a cognizable claim for violation of the right to access to the courts, a prisoner must allege and offer proof that he suffered an "actual injury" to court access as a result of the denial**. *Oliver v. Fauver*, 118 F.3d 175, 177-78 (3d Cir. 1997). The Supreme Court has defined actual injury as the loss or rejection of **a nonfrivolous legal claim regarding the sentencing or the conditions of confinement**. *Lewis v. Casey*, 518 U.S. 343 . . . (1996).

*Hackett*, 751 A.2d at 275-76 (emphasis added) (quoting *Robinson v. Ridge*, 996 F. Supp. 447, 449 (E.D. Pa. 1997), *aff'd*, 175 F.3d 1011 (3d Cir.1999)).

Recently, this Court explained:

> While a prisoner's right to access the courts is derived from an express provision of the Pennsylvania Constitution and multiple provisions of the [U.S.] Constitution, the analysis under both federal and state law is the same. *See, e.g.*, *Bronson v. Horn*, 830 A.2d 1092, 1094-95 (Pa. Cmwlth. 2003).
>
> . . . .
>
> [A]t a minimum, [p]etitioner would have needed to (1) **allege he had a nonfrivolous, arguable underlying**

---

[12]   The Due Process clause of the Fourteenth Amendment to the U.S. Constitution states: "No [s]tate shall make or enforce any law which shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1.

9

**claim**, and (2) describe how the [p]olicy frustrated his ability to pursue that claim. *See Christopher v. Harbury*, 536 U.S. 403 . . . (2002) ("Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the [petition for review] sufficient to give fair notice to a defendant."); *see also Lewis*, 518 U.S. at 351 ("the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the [Policy] hindered his efforts to pursue a legal claim").[13]

*Wishnefsky v. Pa. Dep't of Corr.*, (Pa. Cmwlth. No. 191 M.D. 2021, filed May 19, 2023), slip op. at 5-6 (emphasis added; footnotes omitted). Thus, "[**i**]**n order to survive dismissal of a complaint**, **a prisoner must describe an underlying claim and explain why it possesses arguable merit**." *Nifas v. Sroka* (Pa. Cmwlth. No. 422 C.D. 2016, filed July 29, 2016), slip op. at 7 (emphasis added).[14] The prisoner

---

[13] Similarly, in *Sierra v. Pennsylvania Department of Corrections* (Pa. Cmwlth. No. 88 M.D. 2019, filed Oct. 6, 2021), this Court observed:

> [I]n a denial of access claim, "the named [petitioner] must identify a 'nonfrivolous,' 'arguable' underlying claim" lost to him as a result of the alleged interference with his access to the courts. *Christopher*, 536 U.S. at 415. Therefore, to prosecute an access to courts claim a **petitioner must**, **at a minimum**, (1) **allege that he has a nonfrivolous**, **arguable underlying claim**, and (2) describe how the [Department], through the challenged policy, frustrated his ability to pursue that claim. *See id.* at 416 ("Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the [petition for review] sufficient to give fair notice to a defendant.")[.]

*Sierra*, slip op. at 7 (emphasis added). Nonetheless, the Dissent objects to this Court evaluating the "frivolity or nonfrivolity of the underlying claim[,]" *Rytsar v. Super. Overmyer* (Pa. Cmwlth. No. 571 M.D. 2022, filed Sept. 9, 2024) (McCullough, J., dissenting) (Dissent), slip op. at 3.

[14] *See also Satterfield v. Pa. Dep't of Corr.* (Pa. Cmwlth. No. 351 M.D. 2018, filed Apr. 22, 2020), slip op. at 7 ("because [the prisoner] did not aver which claims were either 'los[t] or reject[ed],' **much less specify facts demonstrating that the claims were 'nonfrivolous**,' [the prisoner] has failed to state a claim for denial of access to the courts. *Hackett*, 751 A.2d at 275-76") (emphasis added); *see also Horan v. Newingham* (Pa. Cmwlth. No. 2622 C.D. 2015, filed Oct. 24, 2016), slip op. at 15 ("to succeed on a denial of access claim, a plaintiff must show that he has suffered an actual injury; that is, the loss of a nonfrivolous legal claim, *Hackett*, 751 A.2d

10

"must demonstrate '**that the 'arguable' nature of the underlying claim is more than hope**.' *Christopher . . .* , 536 U.S. [at] 416. . . ." *Horan v. Newingham* (Pa. Cmwlth. No. 2622 C.D. 2015, filed Oct. 24, 2016), slip op. at 15 (emphasis added).

Here, the U.S. Supreme Court denied Rytsar's Petition for Writ of Certiorari. Rytsar's complaint is founded in an alleged impairment of her right to request **reargument** of the U.S. Supreme Court's dismissal of her appeal.[15] However, Rytsar provides no basis or justification for seeking reargument such that this Court can determine whether it is "a nonfrivolous, arguable underlying

---

at 275, and must demonstrate '**that the 'arguable' nature of the underlying claim is more than hope**.' *Christopher . . .* , 536 U.S. [at] 416 . . ..") (emphasis added).

[15] In deciding to grant rehearing of an order denying a petition for a writ of certiorari, Rule 44(2) of the Rules of the U.S. Supreme Court (Rule 44(2)) states that the "grounds shall be limited to intervening circumstances of a substantial or controlling effect or to other substantial grounds not previously presented." *Id.* Here, Rytsar made no such allegations regarding her claim, thus, contrary to the Dissent's assertions, this Court is not usurping the U.S. Supreme Court's decision making, but rather, stating that Rytsar did not sufficiently plead that she had a nonfrivolous claim.

Although not involving the U.S. Supreme Court, this Court has addressed an inmate's failure to submit sufficient evidence to support a denial of access claim in a case involving the U.S. Third Circuit Court of Appeals (Third Circuit) and the Pennsylvania Supreme Court. In *Feliciano v. Folino* (Pa. Cmwlth. No. 900 C.D. 2014, filed Feb. 20, 2015), a prisoner claimed that the Department's actions in taking his legal materials resulted in him being unable to properly challenge the Superior Court's denial of his second Post Conviction Relief Act[, 42 Pa. C.S. §§ 9541-9546,] petition in an appeal to the Pennsylvania Supreme Court and impaired his attempt to file a motion for rehearing from the Third Circuit's denial of his second habeas corpus petition.

This Court affirmed the trial court's grant of summary judgment for the prisoner's failure to submit sufficient evidence to support his denial of access claim.

> [The prisoner's] "lost" legal opportunities - a discretionary appeal to our Supreme Court and a discretionary motion for rehearing before the Third Circuit - are merely "hopes" that those courts would grant review, and [the prisoner']s [42 U.S.C. §] 1983 claim must necessarily fail. *See Christopher . . .* , 536 U.S. [at] 416 . . . (explaining that to prevail on a denial of access claim, the plaintiff must "show that the 'arguable' nature of the underlying claim is more than hope.").

*Folino*, slip op. at 6. Nothing in Rule 44(2) changes this analysis.

11

claim[.]"[16] *Wishnefsky*, slip op. at 6. Because, Rytsar does not allege and offer proof that she has "a nonfrivolous legal claim[,]" *Hackett*, 751 A.2d at 275, she has not shown that she suffered an actual injury such that Respondents' actions resulted in the loss or rejection thereof.[17] Accordingly, Rytsar has failed to state a cognizable claim for violation of her First Amendment right to access to the courts.

For all of the above reasons, Respondents' Preliminary Objections are sustained, and Rytsar's Petition is dismissed.

_____
ANNE E. COVEY, Judge

---

[16] In fact, Rytsar makes no allegation regarding the validity of her legal claim, why her proposed request for rehearing is nonfrivolous, or even the basis for her proposed rehearing request. Further, Rytsar has not alleged that she filed a reargument request with the U.S. Supreme Court seeking nunc pro tunc relief.

[17] Rytsar's discretionary appeal is "**merely [a] 'hope[]' that th[e] court[] w[ill] grant review**[.]" *Feliciano*, slip op. at 6.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Galina Rytsar,                                              :
                Petitioner                 :
                                            :
                v.                                :
                                              :
Superintendent Overmyer,                           :
Lt. McCurdy, Lt. Dugan, C/O Osborne,   :
C/O Shuhayda,                                        :     No. 571 M.D. 2022
                Respondents              :

## O R D E R

AND NOW, this 9th day of September, 2024, the preliminary objections filed by the Pennsylvania Department of Corrections' employees at the State Correctional Institution at Cambridge Springs, Superintendent Overmyer, Lieutenant (Lt.) McCurdy, Lt. Dugan, Corrections Officer (C/O) Osborne, and C/O Shuhayda are sustained; Galina Rytsar's pro se Petition for Emergency Relief/Injunction is dismissed.

 

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Galina Rytsar,                              :
                     Petitioner               :
                                               :

                   v.                              :    No. 571 M.D. 2022
                                               :    Submitted: July 5, 2024

Superintendent Overmyer,                    :
Lt. McCurdy, Lt. Dugan, C/O Osborne,        :
C/O Shuhayda                                :
                      Respondents              :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE LORI A. DUMAS, Judge

## _OPINION NOT REPORTED_

DISSENTING OPINION
BY JUDGE McCULLOUGH                FILED: September 9, 2024

I respectfully dissent from the Majority's conclusion that Rytsar failed to state a cognizable claim for violation of the First Amendment, U.S. Const. amend. I, right to access to the courts. I specifically distance myself from the notion that this Court has any authority to pass on the likelihood that Rytsar would succeed on her petition to the United States (U.S.) Supreme Court for the rehearing of its denial of her petition for a writ of certiorari. Rule 44(2) of the Rules of the United States Supreme Court provides:

> 2. **Any petition for the rehearing of an order denying a petition for a writ of certiorari** or extraordinary writ shall be filed within 25 days after the date of the order of denial and shall comply with all the form and filing requirements of paragraph 1 of this Rule, including the

payment of the filing fee under Rule 38(b) in any case in which the filer paid the filing fee under Rule 38(a), but **its grounds shall be limited to intervening circumstances of a substantial or controlling effect or to other substantial grounds not previously presented**. The time for filing a petition for the rehearing of an order denying a petition for a writ of certiorari or extraordinary writ will not be extended. The petition shall be presented together with certification of counsel (or of a party unrepresented by counsel) that it is restricted to the grounds specified in this paragraph and that it is presented in good faith and not for delay; one copy of the certificate shall bear the signature of counsel (or of a party unrepresented by counsel). The certificate shall be bound with each copy of the petition. The Clerk will not file a petition without a certificate. The petition is not subject to oral argument.

U.S Supreme Court Rule 44(2) (emphasis added).

The U.S. Supreme Court mailed Rytsar a notice, denying her petition for writ of certiorari. But Rytsar did not receive the notice timely as it was rejected and returned by the Department due to coding errors. Rytsar then missed the filing deadline to file a petition for rehearing. Under Rule 44 of the Rules of the U.S. Supreme Court, Rytsar had 25 days from the date of the U.S. Supreme Court's order to petition **that Court** for a rehearing of **its** order denying Rytsar's petition for writ of certiorari. The Majority rejects her access to courts claim because she "provides no basis or justification for seeking reargument such that this Court can determine whether it is . . . nonfrivolous.*" Rytsar v. Superintendent Overmeyer* (Pa. Cmwlth., No. 571 M.D. 2022, filed September 9, 2024), slip op. at 10 (citing cases).

Rytsar sufficiently describes the "lost remedy" as her clear legal right to petition for rehearing before the U.S. Supreme Court. However, she avers that right was lost by not timely being provided the U.S. Supreme Court notice. None of

the cases cited by the Majority involve a lost opportunity to petition the U.S. Supreme Court for a rehearing of its order denying a petition for a writ of certiorari. I do not agree that we can expand those cases to encompass a situation where, as here, the frivolity or non-frivolity of the underlying claim is strictly for the U.S. Supreme Court to decide within the framework of Rule 44(2). I believe it is outside the province of this Court to predict how the Justices of the U.S. Supreme Court would vote to grant rehearing, to give any consideration as to predicting the final outcome of the case, or whether a majority of the U.S. Supreme Court would conclude that the decision below was erroneous. Because I believe it is strictly for the U.S. Supreme Court to consider whether the issues posed by a petitioner are sufficiently meritorious to grant certiorari, I must dissent.

_____
PATRICIA A. McCULLOUGH, Judge
